# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

ROBERT DAVID MORDINI,                    Case No. 24-cv-3167 (LMP/LIB)

        Plaintiff,

v.                                       **ORDER DISMISSING COMPLAINT**

UNITED STATES OF AMERICA,

        Defendant.

Plaintiff Robert David Mordini filed a complaint against Ed Belmore in Minnesota state court, asserting that Mordini lost money and incurred travel expenses for having to appear in federal court in Duluth, Minnesota. ECF No. 1-1. On August 8, 2024, Defendant United States of America removed the complaint to federal court pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), and 1446, attesting that Belmore is a United States Forest Service employee and that, under 28 U.S.C. § 2679(d)(2), the United States is the proper defendant. ECF No. 1 at 1–3; *see Osborn v. Haley*, 549 U.S. 225, 229–30 (2007) ("When a federal employee is sued for wrongful or negligent conduct, [§ 2679(d)(2)] empowers the Attorney General to certify that the employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . and the United States is substituted as defendant in place of the employee.") (internal quotation marks omitted). On August 13 and September 27, 2024, the United States sought extensions of time to answer the complaint, explaining that Mordini had not properly served the United

States and that it had attempted to contact Mordini directly to inform him of his failure to properly serve the United States. *See generally* ECF Nos. 9, 11. The Court granted both requests. ECF Nos. 10, 14.

On November 15, 2024, the United States filed a motion to dismiss, asserting that Mordini had not timely served the United States under Federal Rule of Civil Procedure 4(i). ECF No. 16. Rule 4(i) governs serving the United States and its agencies, corporations, officers, or employees, and requires that "a plaintiff must send the summons and the complaint to (1) the United States Attorney for the district where the action is brought, (2) the Attorney General of the United States, and (3) the agency being sued." *Torboh v. United States*, No. 22-cv-1325 (JRT/DTS), 2022 WL 17555492, at *2 (D. Minn. Dec. 9, 2022) (citing Fed. R. Civ. P. 4(i)(1)(A)–(C)). In addition, Rule 4(m) requires a court to dismiss a case without prejudice if proper service is not completed within ninety days of the filing of the complaint, unless a plaintiff establishes good cause for the failure. Fed. R. Civ. P. 4(m).

On November 20, 2024, the Court provided notice directly to Mordini that if he failed to properly serve the United States by December 6, 2024, or could not show good cause for his failure to do so, the Court would dismiss his complaint without prejudice pursuant to Rules 4(i) and (m). ECF No. 23. That time has come and gone, and the Court must now dismiss the complaint without prejudice. Because the United States is the proper defendant in this case, Rule 4(i) applies. Mordini has not served the United States in accordance with Rule 4(i), only its employee, and has therefore failed to meet the Rule's requirements. And, because Mordini's ninety-day window to properly serve the United

States has passed, and Mordini has not shown good cause to excuse his failure to properly serve the United States, the Court must dismiss his complaint without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

### **ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendant United States' Motion to Dismiss (ECF No. 16) is **GRANTED**.

2.  Plaintiff Mordini's complaint (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: December 9, 2024                          *s/Laura M. Provinzino*
                                                 Laura M. Provinzino
                                                 United States District Judge

3